# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiffs, <br><br> vs. <br><br> JESUS QUINTERO-FELIX, <br><br> Defendant. | No. CR12-3002-MWB <br><br> **MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO SUPPRESS** |

_____

## *I. INTRODUCTION AND BACKGROUND*

On January 19, 2012, an Indictment was returned against defendant Jesus Quintero-Felix charging him with conspiracy to distribute 500 grams or more of methamphetamine containing 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and distributing, and aiding and abetting the distribution of 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. On February 23, 2012, defendant Quintero-Felix filed a Motion to Suppress in which he seeks to suppress evidence seized from his vehicle as well as statements arising out of and following a traffic stop of the vehicle he was driving on the ground that the police did not have reasonable suspicion to extend the traffic and conduct an investigative detention. The prosecution filed a timely resistance to defendant Quintero-Felix's motion.

Defendant Quintero-Felix's motion to suppress was referred to Chief United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). Judge Zoss conducted an evidentiary hearing and on April 3, 2012, filed a Report and Recommendation in which he recommends that defendant Quintero-Felix's motion to suppress be denied. Judge Zoss

concluded that, based on the totality of the circumstances, the police officer had a particularized and objective basis for suspecting legal wrongdoing by defendant Quintero-Felix to justify further detention. In addition, Judge Zoss found that defendant Quintero-Felix consented to a search of the vehicle. Neither the prosecution nor defendant Quintero-Felix have filed objections to Judge Zoss's Report and Recommendation.

## II. *LEGAL ANALYSIS*

I review the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

2

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, I have reviewed the magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting its review, I am not "'left with [a] definite and firm conviction that a mistake has been committed,'" and finds no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, I **accept** Judge Zoss's Report and Recommendation and order that defendant Quintero-Felix's Motion to Suppress is **denied**.

**IT IS SO ORDERED.**

**DATED** this 20th day of April, 2012.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA